**Fill in this information to identify the case:**

United States Bankruptcy Court for the Northern District of Illinois

Case number (*If known*):_____ Chapter 11_____

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 14/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Car Outlet Holding Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | 46-4888362 |

**4.** **Debtor's address**

**Principal place of business**

3400 N Pulaski Rd
Number     Street

Chicago, IL 60641
City        State    ZIP Code

Cook
County

**Mailing address, if different from principal place of business**

Number     Street

City        State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number     Street

City        State    ZIP Code

**5.** **Debtor's website (URL)**    www.caroutlet.com

**6.** **Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

Debtor Name __Car Outlet Holding Inc.__                    Case number_(if known)_____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5511_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
                                              MM / DD / YYYY

        District _____ When _____ Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor __See Attachment 1_____     Relationship _____

        District _____ When _____
                                                          MM / DD /YYYY

        Case number, if known _____

Debtor  <u>Car Outlet Holding Inc.</u>          Case number(*if known*)_____
     <sub>Name</sub>

| | |
|---|---|
| **11.** **Why is the case filed in *this district?*** | *Check all that apply:* |
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No |
| | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
| | **Why does the property need immediate attention? (Check all that apply.)** |
| | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| |     What is the hazard?_____ |
| | ☐ It needs to be physically secured or protected from the weather. |
| | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | ☐ Other _____ |
| | **Where is the property?** _____ |
| |     Number    Street |
| |     _____ |
| |     _____    _____    _____ |
| |     City    State    ZIP Code |
| | **Is the property insured?** |
| | ☐ No |
| | ☐ Yes. Insurance agency _____ |
| |     Contact    _____ |
| |     Phone    _____ |

| |
|---|
| **Statistical and administrative information** |

| | |
|---|---|
| **13.** **Debtor's estimation of available funds** | *Check one:* |
| | ☒ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| | | | | | |
|---|---|---|---|---|---|
| **14.** **Estimated number of creditors** (consolidated basis) | ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 | | |
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 | | |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 | | |
| | ☐ 200-999 | | | | |

| | | | |
|---|---|---|---|
| **15.** **Estimated assets** (consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor __Car Outlet Holding Inc.__                    Case number(*if known*)_____
    Name

| 16. | **Estimated liabilities** (consolidated basis) | | | | | |
|---|---|---|---|---|---|---|
| | | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING –** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | ▪ | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|---|
| | | ▪ | I have been authorized to file this petition on behalf of the debtor. |
| | | ▪ | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___02/13/2019___
              MM / DD / YYYY

✗ _/s/ signature_____      Kenichiro Hoshika_____
   Signature of authorized representative of debtor      Printed name

Title _Chairman, President & CEO_____

| 18. | **Signature of attorney** | ✗ _/s/ signature_____ | Date ___02/13/2019___ |
|---|---|---|---|
| | | Signature of attorney for debtor | MM / DD / YYYY |

Bojan Guzina_____
Printed name

Sidley Austin LLP_____
Firm name

One South Dearborn_____
Number    Street

Chicago_____      IL_____   60603_____
City                                State      ZIP Code

(312) 853-7323_____      bguzina@sidley.com
Contact phone                       Email address

6277585_____      IL_____
Bar number                          State

**ATTACHMENT 1**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois.  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

Total Finance Investment Inc.

Car Outlet Holding Inc.

Car Outlet AC LLC

Full Service Auto Repair AC LLC

Todo Seguro AC LLC

Todo Seguro Premium Finance AC LLC

Total Finance AC LLC

## CERTIFICATE OF CORPORATE OFFICER

February 12, 2019

I, Tadashi Konno, being the duly appointed Secretary and Executive Vice President of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

    A.       Total Finance Investment Inc.; and

    B.       Car Outlet Holding Inc.

hereby certify as follows:

1.      I am a duly qualified and appointed officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

2.      Attached hereto is a true, correct, and complete copy of the joint resolutions of the boards of directors of each of the Companies, duly adopted and approved on February 12, 2019, in accordance with each Company's corporate organizational documents; and

3.      Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 12th day of February, 2019.

Name: Tadashi Konno

To the extent required by the Approval Matrix and Management Committee Guidelines referenced in the organizational documents of each Company and as adopted by the Board of Directors of each Company on January 31, 2016, the undersigned, being the President, CEO and Chairman of the Board of Directors of each Company, hereby acknowledges, agrees and approves the matters approved, adopted and ratified in the joint resolutions attached and set forth herein.

Name: Kenichiro Hoshika, Chairman and CEO

### JOINT RESOLUTIONS OF THE BOARDS OF DIRECTORS OF
### CAR OUTLET HOLDING INC. AND TOTAL FINANCE INVESTMENT INC.

Effective as of this 12th day of February, 2019, pursuant to a joint special meeting (the "**Meeting**") of the boards of directors (each, a "**Board of Directors**" and collectively, the "**Boards of Directors**") of Car Outlet Holding Inc., a Delaware corporation ("**Car Outlet**") and Total Finance Investment Inc., a Delaware corporation (together with Car Outlet, the "**Companies**" and each, a "**Company**") on the same date, at which a quorum was present, upon a motion duly made and seconded and acting pursuant to each Company's organizational documents, the members of the Boards of Directors, constituting all of the directors then in office, took the following actions and adopted the following resolutions:

**WHEREAS**, the Companies and each of their respective subsidiaries (collectively, the "**Business**"), with the assistance of their legal and financial advisors (the "**Advisors**"), conducted an exhaustive process from March 2018 until January 2019 to find a buyer for all or substantially all their assets (the "**Sale Process**");

**WHEREAS**, in connection with the Sale Process, on October 12, 2018, the Business entered into a binding letter of intent with Charles Serlin and Howard Stillman (the "**Prospective Buyers**") for a sale of substantially all of the Business's assets (the "**LOI**");

**WHEREAS**, with the benefit of the advice and recommendations of the Advisors, the Boards of Directors have determined to authorize the filing of an adversary complaint in the Chapter 11 Cases (defined below) which alleges that the Prospective Buyers breached the LOI by, among other things, refusing to complete the transaction contemplated therein without a financing commitment despite the LOI having no financing contingency, unreasonably delaying the diligence and documentation process, using negotiations with financing sources to delay the transaction, waiting nearly two months after execution of the LOI to raise concerns over confirmatory due diligence, seeking to significantly reduce the deal consideration on spurious grounds, and repudiating the LOI without justification, and additionally fraudulently induced the Business to enter into the LOI and tortuously interfered a prospective economic advantage to the Business;

**WHEREAS**, the Boards of Directors have considered presentations made by, and have reviewed and had the opportunity to ask questions about the materials presented by, the management (the "**Management**") and the Advisors of each Company regarding the liabilities, liquidity, and prospects of each Company and its respective subsidiaries (the "**Subsidiaries**"), the strategic alternatives available to each Company and its respective Subsidiaries, and the impact of the foregoing on each Company's business;

**WHEREAS**, the Boards of Directors have had the opportunity to consult with the Management and the Advisors of such Company to fully consider, and have considered, the strategic alternatives available to each Company and its respective Subsidiaries;

**WHEREAS**, each Governing Body has supervised and directed the Management and Advisors of each Company in evaluating its strategic options, including a refinancing of funded debt, asset sales, and equity sales;

**WHEREAS**, the holders of a majority of shares of the Companies have executed a written consent approving that certain Undertaking and Settlement Agreement dated as of February 12, 2018, by and between the Companies and each of their respective subsidiaries (the "**Undertaking and Settlement Agreement**");

**WHEREAS,** the Companies have engaged in good-faith negotiations with BMO Harris Bank N.A. ("**BMO**") and Westlake Services, LLC ("**Westlake**"), regarding the terms of a comprehensive restructuring as set forth in that certain Restructuring Support Agreement by and among the Companies, their respective subsidiaries, BMO, and Westlake, dated as of February 12, 2019 (as may be amended in accordance with its terms, the "**Restructuring Support Agreement**");

**WHEREAS**, the Companies have engaged in good-faith negotiations with Westlake Portfolio Management, LLC (the "**Servicer**"), regarding the terms of an agreement to take over servicing of the Companies' subsidiaries' portfolio of consumer finance receivables (the "**Portfolio**"), resulting in the negotiation of that certain Servicing Agreement by and between Car Outlet AC LLC, Total Finance AC LLC, and the Servicer, dated as of February 12, 2019 (the "**Servicing Agreement**");

**WHEREAS**, the Boards of Directors, with the advice of the Management and Advisors, on behalf of the Companies, have determined that it is in the best interests of each Company, its shareholders, creditors, and other parties in interest that petitions be filed with the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**") by each Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Boards of Directors desire to approve the following resolutions:

<u>**Commencement of Chapter 11 Cases**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that the Boards of Directors have determined, after consultation with the Management and the Advisors of such Company, that it is desirable and in the best interests of each Company, its shareholders, creditors, and other parties in interest that petitions be filed with the Bankruptcy Court by each Company seeking relief under the provisions of the Bankruptcy Code; and be it further

**RESOLVED**, that any officer of each Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of each Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); <u>provided that</u> prior to authorizing any Chapter 11 Filing which is materially inconsistent with the Restructuring Support Agreement (including the

attachments thereto) or the Undertaking and Settlement Agreement, such Authorized Person will secure the relevant Board of Directors' approval thereof; and provided further that the Authorized Persons will secure approval from the relevant Governing Body of any plan of reorganization or liquidation and disclosure statement before filing same in their Chapter 11 Cases; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with each Company's chapter 11 cases (the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); provided that prior to taking any such actions which are materially inconsistent with the Restructuring Support Agreement (including the attachments thereto) or the Undertaking and Settlement Agreement, such Authorized Person will secure the relevant Governing Body's approval thereof; and be it further

## Restructuring Support Agreement and Servicing Agreement

**RESOLVED**, that the Boards of Directors desire that a restructuring of each Company's operations and capital structure, as debtors and debtors in possession in the Chapter 11 Cases, be implemented through an orderly liquidation of the Companies' auto dealership business, a transfer of servicing of the Portfolio to a third party servicer, a restructuring of the Companies' funded debt, and a proposed compromise of the Companies' unsecured obligations, each in accordance with the terms and conditions set forth in the term sheet attached as **Exhibit A** to the Restructuring Support Agreement  and the Servicing Agreement attached as **Exhibit B** to the Restructuring Support Agreement; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and Servicing Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that the Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved; provided that prior to taking any such actions which are materially inconsistent with the Restructuring Support Agreement (including the attachments thereto) or the Undertaking and Settlement Agreement, such Authorized Person will secure the relevant Governing Body's approval thereof; and be it further

## Debtor-in-Possession Financing

**RESOLVED**, that the Boards of Directors have determined, after consultation with the Management and the Advisors of such Company, that, subject to approval of the Bankruptcy Court, each Company, as debtors and debtors in possession under chapter 11 of the Bankruptcy

Code, shall be, and hereby are, authorized to (a) enter into one or more new debtor in possession financing facilities (the "**DIP Facilities**") and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the "**Financing Transactions**") and as may be further approved, modified or amended by any of the Authorized Persons, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies, (b) pay related fees, and (c) grant security interests in and liens upon all or substantially all of each of the Companies' assets, in such case, as may be deemed necessary or desirable by any one or more of the Authorized Persons in connection with the Financing Transactions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); provided that all such documents authorized and actions taken by the Authorized Persons will be with such lenders and on such terms substantially consistent with those presented to the Boards of Directors at the Meeting; and be it further

> **RESOLVED**, that: (a) the Authorized Persons shall be, and hereby are, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents, including any amendments or other modifications to the foregoing, as any of the Authorized Persons may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "**Financing Documents**"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Authorized Persons are hereby approved; (c) the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, each of the Companies, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the Financing Documents; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof; provided that prior to authorizing any such documents or taking any such acts which are materially inconsistent with the documentation evidencing the DIP Facilities presented to the Governing Bodies in advance of the execution hereof, the Restructuring Support Agreement (including the attachments thereto), or the Undertaking and Settlement Agreement, such Authorized Person will secure the relevant Governing Body's approval thereof; and be it further

## Commencement of Chapter 11 Cases of Subsidiaries

> **RESOLVED**, that the Boards of Directors have determined, after consultation with the Management and the Advisors of such Company, that, in connection with the Chapter 11 Cases, it is desirable and in the best interests of each Company for its Subsidiaries to file a petition seeking relief under the provisions of the Bankruptcy Code (collectively, the "**Subsidiary Chapter 11 Cases**") and to negotiate, execute, deliver, and file with the Bankruptcy Court all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (the "**Subsidiary Chapter 11 Filings**") in the Bankruptcy Court; and be it further

**Filing of Complaint Against Prospective Buyers**

**RESOLVED**, that the Governing Bodies desire that a complaint seeking recovery for the Prospective Buyers' breach of the LOI, fraudulent misrepresentation and inducement, and tortious interference with the Business's prospective economic advantage (the "**Complaint**"), substantially in the form presented to the Governing Bodies in advance of the approval hereof, be filed by the Business in the Chapter 11 Cases against the Prospective Buyers, concurrently with the initiation of the Chapter 11 Cases; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized to take all actions (including, without limitation, to negotiate, execute and file any agreements, documents, or certificates) necessary to file the Complaint and to prosecute the adversary proceeding initiated thereby; <u>provided that</u> prior to taking any such actions which are materially inconsistent with the Restructuring Support Agreement (including the attachments thereto) or the Undertaking and Settlement Agreement, such Authorized Person will secure the relevant Governing Body's approval thereof; and be it further

**Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of each Company and its Subsidiaries, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, is hereby retained and employed as attorneys for each Company in the Chapter 11 Cases; and be it further

**RESOLVED**, that the law firm of Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, is hereby retained and employed as conflicts counsel for Car Outlet Holding Inc., Car Outlet AC LLC, Todo Seguro AC LLC, Todo Seguro Premium Finance AC LLC, and Full Service Auto Repair AC LLC in the Chapter 11 Cases; and be it further

**RESOLVED**, that the firm of Development Specialists, Inc., 10 South LaSalle Street, Suite 3300, Chicago, Illinois 60603, is hereby retained and employed to provide interim management services for each Company in the Chapter 11 Cases; and be it further

**RESOLVED**, that the financial advisory firm of Portage Point Partners, LLC, 300 North LaSalle Street, Suite 4925, Chicago, Illinois 60654, is hereby retained and employed as financial advisors for each Company in the Chapter 11 Cases; and be it further

**RESOLVED**, that the investment banking firms of Keefe, Bruyette & Woods, 70 West Madison Street, Suite 2401, Chicago, Illinois 60602, and Miller Buckfire & Co., LLC 787 7th

Avenue, 5th Floor, New York, New York 10019, are hereby retained and employed as investment bankers for each Company in the Chapter 11 Cases; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the retention and employment of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

<u>General</u>

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, indemnities, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director or any member of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED**, that each Board of Directors has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as required by the governance documents of such Company, or hereby waives any right to have received such notice.

*     *     *     *     *

**Fill in this information to identify the case:**

Debtor name Car Outlet Holding Inc.

United States Bankruptcy Court for the: _____ Northern _____ District of _Illinois_
(State)

Case number (If known): _____

☐ Check if this is an amended filing

The following list of creditors ("List of Creditors") has been prepared from the unaudited books and records of Total Finance Investment Inc. and its affiliated debtors and debtors in possession (the "Debtors").  The List of Creditors reflects estimated amounts owed by the Debtors as of the Petition Date on a consolidated basis.  It was produced from the books and records of the Debtors as of the close of business on February 12, 2019.  The List of Creditors does not include any person or entity who is now, or formerly was, an "insider" of the Debtors as that term is defined in 11 U.S.C. § 101(31).  The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.  The Debtor's failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, Trade Payables, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Direct Auto 515 N. State St, Suite 2000 Chicago, IL 60654 | Rosa Miranda Tel: 312-568-4507 Fax: 312-568-4592 rmiranda@ mydirectauto.com | Trade Payables | | | | $ 227,887.30 |
| 2 | Illinois Department of Revenue 100 West Randolph Street Chicago, IL 60601 | Attn: Bankruptcy Dept. Tel: 800-732-8866 | Tax | | | | $ 140, 798.34 |
| 3 | 5062 N Ravenswood LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 66,052.79 |
| 4 | Illinois Secretary of State 213 State Capital Springfield, IL 62756 | Attn: Bankruptcy Dept. Tel: 217-785-3000 | Tax | | | | $ 64,718.00 |
| 5 | 11X11, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 39,664.95 |
| 6 | 4833 N Harding LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 35,149.99 |

Debtor    Car Outlet Holding Inc.
              Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, Trade Payables, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Elljeanne, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 27,023.19 |
| 8  Breakthrough, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 26,021.11 |
| 9  American Access 2211 Butterfield Rd Suite 200 Downers Grove, IL 60515 | Yrodriguez Tel:630-645-7785 Fax: 630-570-7173 | Trade Payables | | | | $ 25,719.33 |
| 10  Wisconsin Department of Revenue 2135 Rimrock Road Madison, WI 53713 | Tel: 608-266-2772 DORIncome@ wisconsin.gov | Tax | | | | $ 24,389.62 |
| 11  Constellation 20 North Upper Wacker Drive, Suite 2100 Chicago, IL 60601 | Tel: 312-681-1866 Fax: 312-681-1996 | Utility Services | | | | $ 22,601.07 |
| 12  Franklin & Essex, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 21,373.53 |
| 13  Ultimo Elgin, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 21,283.06 |
| 14  4415 North Mozart, LLC & 4416 North Mozart, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 18,828.78 |
| 15  Vasquez Auto Repair 1830 S. Cicero Ave Cicero, IL 60804 | Isaias Flores Tel: 708-656-0913 Fax: 708-656-0915 online@vasquezauto.com | Trade Payables | | | | $ 18,307.63 |
| 16  Wisconsin Department of Motor Vehicles 4822 Madison Yards Way Madison, WI 53705 | Tel: 608-266-1425 Fax: 608-267-0323 DealerLicensingUnit@ dot.wi.gov | Tax | | | | $ 14,675.00 |
| 17  HGH Realty, LLC Series Lawndale 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 14,653.42 |
| 18  Roadside Auto & Truck Transport, Inc. 2723 Belvidere Road Waukegan, IL 60085 | Brian Becker Tel: 847-249-4300 Fax: 847-249-7300 brian@ roadsidetransport.com | Trade Payables | | | | $ 13,220.00 |

Debtor  Car Outlet Holding Inc.
        Name

Case number (*if known*) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, Trade Payables, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 Cook County Treasurer's Office 118 North Clark Street, Room 112 Chicago, IL 60602 | Attn: Bankruptcy Dept Tel: 312-443-5100 | Tax | | | | $ 12,630.42 |
| 20 2010 West North Avenue, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 12,571.38 |
| 21 Rainbow-Aurora, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 10,707.90 |
| 22 12th Man, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 10,357.05 |
| 23 14th Man, LLC 2 N La Salle St. Suite 1300 Chicago, IL 60602 | Scott Kapp Tel: 312-368-2179 Fax: 312-251-2179 scott.kapp@dlapiper.com | Rent | | | | $ 10,338.20 |
| 24 Computerized Vehicle Registration 1100 Town and Country Rd., Suite 850 Orange, CA 92868 | Tel: 800-386-1746 cvr-il@cvrconnect.com | Trade Payable | | | | $ 10,027.00 |
| 25 Charles Policzcuk c/o Daniel Sanders, Attorney at Law 832 N Sanborn Dr. Palatine, IL 60074 | ATTN: Lead Attorney Tel: 847-272-3915 dsand0000@aol.com | Litigation | C,U | | | Undetermined |
| 26 Daisy Sanchez c/o Jason Han, Attorney at Law 208 S Jefferson St. Suite 204 Chicago, IL 60661 | ATTN: Lead Attorney Tel: 872-201-0088 Jason@JasonHanLaw.com | Litigation | C,U | | | Undetermined |
| 27 Reginald Daniels c/o Heather Kolbus Edelman Combs Latturner Goodwin LLC 20 S. Clark Street, Suite 1500 Chicago, IL 60603 | ATTN: Lead Attorney Tel: 312-626-3585 Fax: 312-419-0379 hkolbus@edcombs.com | Litigation | C,U | | | Undetermined |
| 28 Chris Beaudoin c/o Nathan DeLadurantey DeLadurantey Law Office, LLC 330 S. Executive Drive, Suite 109 Brookfield, WI 53005 | ATTN: Lead Attorney Tel: 414-377-0515 Fax: 414-755-0860 nathan@dela-law.com | Litigation | C,U | | | Undetermined |

Debtor <u>Car Outlet Holding Inc.</u>                                     Case number *(if known)* _____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, Trade Payables, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 Carolina Lopez Ramirez c/o Joseph Seifert Seifert & Associates 757 N. Broadway Street Suite 300 Milwaukee, WI 53202 | ATTN: Lead Attorney Tel: 414-273-9900 Fax: 414-299-3710 seifert38@mail.com | Litigation | C,U | | | Undetermined |
| 30 Hector Hernandez-Cruz c/o Gonzalo Gomez, Esq. Gonzalo Gomez & Associates, PC 1 East Wacker Drive, Suite 2300 Chicago IL, 60601 | ATTN: Lead Attorney | Litigation | C,U | | | Undetermined |

Fill in this information to identify the case and this filing:

Debtor Name  Car Outlet Holding Inc.

United States Bankruptcy Court for the:  ___Northern___  District of  __Illinois__
                                                                          (State)

Case number (*If known*): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B*: Assets–Real and Personal Property (Official Form 206A/B)

☐ *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ *Schedule H*: Codebtors (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/13/2019          x _____
               MM / DD / YYYY        Signature of individual signing on behalf of debtor


                                   Kenichiro Hoshika
                                   Printed name

                                   Chairman, President & CEO
                                   Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CAR OUTLET HOLDING INC., | Case No. 19-_____ (___) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies all corporations, other than a governmental unit, which directly or indirectly own 10% or more of any class of equity interests in Car Outlet Holding Inc.:

| Direct Owner | Indirect Owners |
|---|---|
| Marubeni Corporation | None |

Fill in this information to identify the case and this filing:

Debtor Name _Car Outlet Holding Inc._

United States Bankruptcy Court for the: __Northern__   District of __Illinois__
(State)

Case number (*If known*): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B*: Assets–Real and Personal Property (Official Form 206A/B)

☐  *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  *Schedule H*: Codebtors (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  *Amended Schedule* ____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _02/13/2019_          x _____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

Kenichiro Hoshika
Printed name

Chairman, President & CEO
Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CAR OUTLET HOLDING INC., | Case No. 19-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Percentage of Interest |
|---|---|---|
| Marubeni Corporation<br><br>Tokyo Nihombashi Tower, 7-1, Nihonbashi 2-chome, Chuo-ku, Tokyo, 103-6060, Japan Attn. Automotive Dept. I (TOKB8A0) | Common Shares | 91.65% |
| Marubeni America Corporation<br><br>375 Lexington Ave, 6th Floor New York, NY 10017 | Common Shares | 4.82% |
| Kakushin, LLC<br><br>1770 Ridgelee Rd Highland Park, IL 60035 | Common Shares | 3.53% |

---

**Fill in this information to identify the case and this filing:**

Debtor Name ___Car Outlet Holding Inc.___

United States Bankruptcy Court for the: ___Northern___ District of ___Illinois___
                                                                        (State)

Case number (*If known*): _____

---

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                 12/15

     **An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

     **WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B*: Assets–Real and Personal Property (Official Form 206A/B)

☐   *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   *Schedule H*: Codebtors (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration   ___List of Equity Security Holders___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   ___02/13/2019___          x _____
                    MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                          Kenichiro Hoshika
                                          Printed name

                                          Chairman, President & CEO
                                          Position or relationship to debtor